UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DARRELL CHISSOE,                          )
                                          )
        Plaintiff,                       )
                                          )
v.                                        )   Case No. 15-CV-0166-CVE-TLW
                                          )
SALLY JEWELL, Secretary of the Interior   )
of the United states of America,          )
                                          )
        Defendant.                       )

## OPINION AND ORDER

Before the Court is plaintiff's motion to supplement the administrative record (Dkt. # 15) and brief in support.[1] Plaintiff seeks judicial review of the decision of the Bureau of Indian Affairs (BIA)--specifically, the Interior Board of Indian Appeals (IBIA)[2]--not to complete a fee-to-trust acquisition of land belonging to plaintiff's father, a member of the Muscogee (Creek) Nation. Dkt. # 2, at 1; see also Chissoe v. Acting E. Okla. Reg. Dir., Bur. of Indian Affairs, 59 IBIA 304 (Jan. 9, 2015). The Court previously ordered the parties to jointly submit the administrative record, Dkt. # 12, and defendant complied. Dkt. # 13. The Court found that the record submitted by defendant was

---

[1]     Plaintiff's motion was originally captioned as a "motion to complete the record." Dkt. # 15, at 1. The Court, on review of plaintiff's motion, found it to be a motion to supplement the administrative record and ordered the docket sheet modified accordingly. Dkt. # 16, at 2-3. Although the terminology is occasionally confused, e.g. The Cape Hatteras Access Pres. All. v. U.S. Dep't of Interior, 667 F. Supp. 2d 111 (D.D.C. Nov. 4, 2009), to "complete" the record means to provide materials that were part of the record before the administrative agency but were not initially provided to the district court, while to "supplement" the record means to provide materials not part of the record before the administrative agency.

[2]     Unless otherwise stated, the decision of the IBIA is the final decision of the BIA for purposes of further judicial review. 43 C.F.R. § 4.312; Wilkinson v. United States, 440 F.3d 970, 974 n.1 (8th Cir. 2006).

the administrative record. Dkt. # 16, at 1-2. Plaintiff seeks to supplement the administrative record with the following documents:

> (1) Email from Land Realty Office[3] to counsel for Plaintiff July 16, 2010, referencing the request that the restricted real property be transferred to trust, along with counsel's email of prior date to Land Realty Office pertaining to that matter.
>
> (2) Counsel's email to Land Realty Office July 29, 2010, submitting application for transfer to trust for review, and Land Realty Office emailed reply of the following date regarding continuation of process for transfer to trust.
>
> (3) Land Realty Office letter December 28, 2010 to Plaintiff demonstrating the context and purpose of the affidavits appearing as current exhibits 20 through 23, both inclusive as being for the purpose of continuing the transfer to trust process.
>
> (4) Daily register of Land Realty Office evidencing both request for transfer to trust at least as early as July, 2010 and that September 24, 2010, Paul Chissoe delivered the original of his Last Will & Testament to the Land Realty Office. . . .

Dkt. # 15, at 2-3.[4] According to plaintiff, these documents demonstrate that the fee-to-trust acquisition process began earlier than the IBIA's decision states. Dkt. # 15, at 1. Defendant responds that these materials do not meet the narrow exceptions for supplementation of the administrative record. Dkt. # 17, at 2. Plaintiff has filed a reply. Dkt. # 23.

---

[3] Defendant states that the "Land Realty Office" to which plaintiff refers is the Muscogee (Creek) Nation Realty Trust Services Office, a tribal office not affiliated with the BIA. Dkt. # 17, at 1 n.1. The IBIA's decision observes that the BIA "apparently contracts certain realty functions" to the Land Realty Office. Chissoe, 59 IBIA 304, 305 n.4 (Jan. 9, 2015).

[4] In footnotes, defendant asserts that the first two groups of documents are already included in the administrative record. Dkt. # 17, at 1 nn. 1-2 (citing Dkt. # 13-6, at 29-32). Plaintiff does not directly respond to these assertions, but he does note, with citation to the record, that the ruling affirmed by the IBIA considered these documents. See Dkt. # 23, at 6. Plaintiff thus appears to agree that these documents are part of the record, although this is unclear. Plaintiff has not provided the Court with copies of the documents that he seeks to add to the record, preventing the Court from determining the truth of defendant's assertions.

A district court's review of an administrative agency's decision "is generally based on the administrative record that was before the agency at the time of its decision." Lewis v. Babbitt, 998, F.2d 880, 882 (10th Cir. 1993); see also 5 U.S.C. § 706. Tenth Circuit precedent does allow parties to supplement the administrative record with extra-record evidence, albeit in "extremely limited" circumstances. See Custer Cnty. Action Ass'n v. Garvey, 256 F.3d 1024, 1028 n.1 (10th Cir. 2001) (citing Am. Mining Congress v. Thomas, 772 F.2d 617, 626 (10th Cir. 1985)). In Thomas, the Tenth Circuit set out the following five justifications for the consideration of supplementary evidence:

> (1) that the agency action is not adequately explained and cannot be reviewed properly without considering the cited materials; (2) that the record is deficient because the agency ignored relevant factors it should have considered in making its decision; (3) that the agency considered factors that were left out of the formal record; (4) that the case is so complex and the record so unclear that the reviewing court needs more evidence to enable it to understand the issues; and (5) that evidence coming into existence after the agency acted demonstrates that the actions were right or wrong.

Thomas, 772 F.2d at 626 (citations omitted). "The party moving to supplement the record or engage in extra-record discovery bears the burden of showing its propriety." Murphy v. Deloitte & Touche Grp. Ins. Plan, 619 F.3d 1151, 1163 (10th Cir. 2010).

Plaintiff asserts that the first, second, fourth, and fifth justifications apply to his request. Dkt. # 15, at 3, 4; Dkt. # 23, at 3. On review, the Court finds that no justification applies here. There is no indication that the IBIA's decision "is not adequately explained and cannot be reviewed properly without considering the cited materials." The decision concludes that, under federal regulations, a fee-to-trust acquisition requires a living conveyor, and plaintiff's father passed away before the acquisition process could be completed. Chissoe, 59 IBIA at 307. The decision justifies its conclusion with ample citation to the record and legal precedents, leaving no apparent need for

3

additional explanation from plaintiff's supplementary materials as to the date the application process began.

The same is true for the second Thomas justification: additional information about the start date of the application process is not a "relevant factor[]" that the IBIA ignored but should have considered. Rather, the relevant factors are the death of plaintiff's father and the federal regulations governing the fee-to-trust application process. Moreover, the administrative ruling that was appealed to the IBIA did not ignore that plaintiff's father at least intended to begin the fee-to-trust acquisition process in July 2010, although the ruling found that the application was incomplete and not properly submitted. Dkt. # 13-6, at 61. As that ruling was part of the record and was the basis for the IBIA's decision, see Chissoe, 59 IBIA at 307, there is no danger that the agency ignored the ruling or the facts it recited.

As to the fourth justification, the legal and factual issues here are not "so complex and the record so unclear" that the documents plaintiff would add are necessary "to enable [the Court] to understand the issues." Thomas, 772 F.2d at 626. Finally, as plaintiff himself points out, the documents he seeks to include in the record existed prior to the agency's decision, see Dkt. # 23, at 2-3; thus, the fifth justification from Thomas does not apply. Plaintiff's case does not present one of the "extremely limited" circumstances justifying supplementation of the administrative record. Custer Cnty., 256 F.3d at 1028 n.1.

Plaintiff cites to Thomas and Miami Nation of Indians of Indiana v. Babbitt, 979 F. Supp. 771 (N.D. Ind. 1996), as support for his request. Dkt. # 15, at 4-6. In Thomas, various mining groups challenged the Environmental Protection Agency's standards for the disposal of uranium mill tailings. Thomas, 772 F.2d at 621. Both parties sought to supplement the administrative record with

4

additional documents and reports, which the Tenth Circuit reviewed for the limited purpose of determining whether they should be added to the record. Id. at 626-27. The Tenth Circuit denied all motions to supplement the record but one: an unopposed motion to include a letter from the agency to counsel for one of the mining groups. Id. at 627. Miami Nation involved judicial review of the Department of the Interior's decision not to recognize the Miami Indian tribe in Indiana as a tribe under federal law. Miami Nation, 979 F. Supp. at 774. The tribe sought to supplement the record with testimony from tribal consultants and other experts discussing the data collection and analysis underlying the decision. Id. at 779-80. The district court denied as premature the tribe's request to supplement the record because it "has not found, and could not find on this record, that bad faith or improprieties may have influenced [the] United States, or that the United States relied on substantial records and materials not included in the record, [or] that the agency's procedures and considerations require further explanation for effective review." Id. at 780.

These cases do not support plaintiff's argument. Unlike the sole motion to supplement that was granted in Thomas, plaintiff's motion is opposed. That the Tenth Circuit would, with little analysis, grant an unopposed motion to supplement the record has no bearing on whether this Court should grant an opposed motion. Any superficial similarity between the material added in Thomas and some of the material that plaintiff seeks to add does not change the context in which plaintiff's motion has been presented. Like Miami Nation, the Court has no reason at present to order supplementation, as the justifications outlined in Thomas are not satisfied here. See Custer Cnty., 256 F.3d at 1028 n.1 (noting that the circumstances justifying supplementation are "extremely limited").

In his reply, plaintiff contends that the documents should be included in the record because they were "possessed and in the process of being acted upon by Defendant's contracted designee." Dkt. # 23, at 3. Plaintiff argues that, because the BIA "apparently contracts certain realty functions" to the Land Realty Office, see Chissoe, 59 IBIA at 305 n.4, the materials should have been part of the administrative record before the agency, and he cites Wildearth Guardians v. U.S. Forest Serv., 713 F. Supp. 2d 1243 (D. Colo. 2010), in support of this argument. However, Wildearth concerned a motion to complete the record, not a motion to supplement the record. Even assuming that Wildearth applies and that, contrary to this Court's prior finding, plaintiff's motion is in fact a motion to complete the record, plaintiff has not satisfied his burden. The administrative record must include "all documents directly or indirectly considered by the agency." Bar MK Ranches v. Yuetter, 994 F.2d 735, 739 (10th Cir. 1993) (emphasis added); see also Wildearth Guardians v. U.S. Forest Serv., 713 F. Supp. 2d 1243, 1253 (D. Colo. 2010). It is plaintiff's burden to show that the documents were considered by the agency, and satisfying this burden requires "clear evidence." Wildearth, 713 F. Supp. 2d at 1253-54. Plaintiff has provided no evidence to show that the materials he seeks to add to the record--not including those materials plaintiff seeks to add that may already be part of the record, see supra note 3--were in fact before the IBIA at the time of its decision, such that it "considered" them. Thus, plaintiff has failed to meet his burden to provide "clear evidence" that the materials were considered by the IBIA.

**IT IS THEREFORE ORDERED** that plaintiff's motion to supplement the administrative record (Dkt. # 15) is hereby **denied**.

**DATED** this 10th day of August, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE