## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

DARRELL CHISSOE,                    )
                                    )
              **Plaintiff,**                    )
                                    )
v.                                  )      **Case No. 15-CV-0166-CVE-TLW**
                                    )
SALLY JEWELL, SECRETARY OF THE      )
INTERIOR OF THE UNITED STATES       )
OF AMERICA,                         )
                                    )
                                    )
              **Defendant.**                    )

## OPINION AND ORDER

This is an administrative appeal of agency action by the United States Department of the Interior. See Dkt. # 2. Plaintiff Darrell Chissoe (plaintiff) brings this appeal on behalf of his deceased father, Paul Chissoe (Chissoe), pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706 (APA). Id. Plaintiff has filed an opening brief (Dkt. # 31), defendant has filed a response (Dkt. # 34), and plaintiff has filed a reply (Dkt. # 41). Plaintiff argues that the agency decision is arbitrary and contrary to law because defendant failed to take restricted Indian land into trust as mandated by federal statute and Bureau of Indian Affairs (BIA) regulations. Dkt. # 31, at 4-11. Defendant argues that the agency decision should be affirmed because the BIA cannot take land into trust for a deceased individual or an estate. Dkt. # 34, at 7-8.

## I.

This appeal concerns an 8.21 acre tract of land located in Tulsa County (property). Dkt. # 13-2, at 1. The property was allotted in 1904 to Chissoe's mother, Pauline Chisholm, a citizen of the Muskogee (Creek) Nation (Creek Nation). Id. at 2. Chisholm owned the property in fee subject to

restrictions against alienation as per the Act of August 4, 1947, Pub. L. No. 336, 61 Stat. 731 (1947 Act). Chissoe inherited the property in 1974 subject to the same restrictions against alienation.[1] Dkt. # 13-2 at 3-5. In 2010, Chissoe suffered a stroke that left him incapacitated. Id. at 65. On October 1, 2010, the District Court of Tulsa County, Oklahoma appointed plaintiff as Chissoe's special guardian with the express authority to execute a fee-to-trust application on Chissoe's behalf. Id. at 72-76. On October 26, 2010, the same court appointed plaintiff as guardian of the person and property of Chissoe. Id. at 77-80. In January 2011, plaintiff and the Creek Nation Realty Office began the process of putting the property into trust on behalf of Chissoe. Dkt. # 13-3, at 25-27.

On April 5, 2011, Chissoe died, and the next day the Creek Nation Realty Office notified BIA Superintendent, Okmulgee Agency (Superintendent) of his death, requesting that the fee-to-trust application be terminated. Dkt. # 13-5, at 26. On April 15, 2011, the Superintendent notified plaintiff that his trust application had been withdrawn because the BIA could not process an application from a deceased individual. Dkt. # 13-6, at 7. On May 27, 2011, plaintiff, through counsel, requested that the Superintendent reopen and proceed with the fee-to-trust application. Id. at 9. The Superintendent issued a formal decision on June 17, 2011, denying plaintiff's request because Chissoe could no longer convey marketable title and the BIA's regulations conflicted with taking property into trust for the benefit of an estate. Id. at 10-11. The Superintendent also decided that, to the extent the decision was discretionary, she chose not to exercise her discretion to approve the fee-to-trust application. Id. at 11.

---

[1]     Property restricted under the 1947 Act remains restricted if inherited by or devised to an individual with one-half or more blood of the Five Civilized Tribes (Creek, Cherokee, Choctaw, Chickasaw, and Seminole Nations). See 1947 Act § 1.

Plaintiff administratively appealed the Superintendent's decision, arguing that the BIA could approve the fee-to-trust application because title does not vest at death when the decedent has a will, that an executor could sell the restricted land, that BIA regulations regarding consideration of the individual applying could be followed when the applicant is deceased, and that the Indian Reorganization Act, 25 U.S.C. §§ 5101-5144, dictates that BIA regulations be read in favor of the applicant. Id. at 21-26. The Acting Regional Director, BIA, Eastern Oklahoma Region (Regional Director) affirmed the Superintendent's decision. Id. at 61. The Regional Director found that a proper fee-to-trust application had not been submitted, and that if it had been, BIA regulations prevent the agency from taking land into trust for a deceased individual or estate. Id. at 62.

Plaintiff appealed the Regional Director's decision to the Interior Board of Indian Appeals (Board). Id. at 66. The Board affirmed on the ground that the BIA's fee-to-trust acquisition regulations do not authorize the BIA to accept fee title to land in trust for a deceased individual or the individual's estate. Dkt. # 23-1,[2] at 4. The Board noted that the regulations apply to "the acquisition of land by the United States in trust status for individual Indians and tribes," id. at 5 (quoting 25 C.F.R. § 151.1) (emphasis in original), and that "individual Indian" is defined as a person who "is" a tribal member, a descendant of a member, or a person possessing at least one-half Indian blood. Id. The Board reasoned that the regulation's use of the present tense "strongly suggests, if not compels" the conclusion that the regulations are limited living persons. Id. The Board also looked to the factors that the BIA must consider in evaluating a fee-to-trust application, determining that they also support the conclusion that the trust acquisition regulations do not apply

---

[2]     Plaintiff failed to attach the Board's decision to its complaint (Dkt. # 2), but he later filed the Board's decision as an attachment to Plaintiff's Reply Brief in Support of Motion to Supplement Record (Dkt. # 23).

to deceased individuals. Id. For example, the BIA must consider "[t]he need of the individual Indian . . . for additional land" and "the amount of trust or restricted land already owned by or for that individual and the degree to which he needs assistance in handling his affairs." Id. (quoting 25 C.F.R. § 151.10(b), (d)). Finally, the Board rejected plaintiff's argument that the Board had "upheld BIA decisions approving the conveyance of restricted or trust property from an Indian grantor after the grantor's death." Id. The Board distinguished the cases cited by plaintiff,[3] explaining that each of those cases involved a regulation inapplicable to plaintiff's case, property to which the BIA already held legal title, and deeds executed by the Indian grantor before his death. Id.

Plaintiff filed this suit seeking review of the Board's decision pursuant to the APA. Dkt. # 2, at 4. Plaintiff argues that the BIA was required to promptly take the property into trust under 25 U.S.C. § 2216(c) and 25 C.F.R. § 151.12(d)(2)(iv). See Dkt. # 31. Defendant filed the administrative record.[4] Dkt. # 31.

## II.

An agency action must be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. An action is arbitrary and capricious

> if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so

---

[3]    Plaintiff relied on Kent v. Acting Northwest Regional Director, 45 IBIA 168 (2007), Willis v. Northwest Regional Director, 45 IBIA 152 (2007), and Wishkeno v. Deputy Assistant Secretary, 11 IBIA 21 (1982). See Dkt. # 23-1, at 5.

[4]    The Court ordered the parties to jointly submit the administrative record (Dkt. # 12), but defendant alone submitted the record after the parties could not resolve a dispute as to whether to include additional documents. See Dkt # 13, at 1 n.1. After the administrative record was filed, plaintiff moved to supplement the administrative record. Dkt. # 15. That motion was denied. Dkt. # 24.

> implausible that it could not be ascribed to a difference in view or the product of agency expertise.

Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)

(describing the circumstances under which an agency rule would be arbitrary and capricious).

> If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985).

When reviewing an agency's interpretation of a statute, "[i]f Congress has spoken directly to the issue, that is the end of the matter; the court, as well as the agency, must give effect to Congress's unambiguously expressed intent." United Keetoowah Band of Cherokee Indians of Okla. v. U.S. Dep't of Hous. & Urban Dev., 567 F.3d 1235, 1240 (10th Cir. 2009) (citing Chevron U.S.A., Inc. v. Nat. Res. Def. Council, 467 U.S. 837, 842-43 (1984)). However, if the statute is silent or ambiguous, the court asks "whether the agency's answer is based on a permissible construction of the statute." Id. (citing Chevron, 467 U.S. at 843). In answering that question, considerable deference is afforded to agencies interpreting ambiguities in statutes Congress has delegated to their care. Hydro Res., Inc. v. U.S. E.P.A., 608 F.3d 1131, 1145 (10th Cir. 2010) (en banc). Substantial deference is also given to an agency's interpretation of its own regulations. Morris v. U.S. Nuclear Regulary Comm'n, 598 F.3d 677, 684 (10th Cir. 2010). The agency's interpretation will control unless "plainly erroneous or inconsistent with the regulation." Plateau Mining Corp. v. Fed. Mine Safety & Health Review Comm'n, 519 F.3d 1176, 1192 (10th Cir. 2008) (quoting Auer v. Robbins, 519 U.S. 452, 461 (1997)).

**III.**

The question in this case is whether the BIA can accept land into trust status on behalf of an individual Indian who is deceased, or his estate.[5] The Board held that the "BIA's fee-to-trust acquisition regulations do not authorize the BIA to accept fee title to land in trust for a deceased individual or the individual's estate." Dkt. # 23-1, at 4. Plaintiff appeals that decision. Dkt. # 2.

The Department of the Interior has the ability to take certain land into trust for the benefit of individual Indians and tribes. See 25 C.F.R. § 151.1. This power is part of a regulatory framework created to further the policy of the United States to encourage the consolidation of Indian land ownership and prevent further fractionalization of Indian lands. See Miami Tribe of Okla. v. United States, 656 F.3d 1129, 1142 (10th Cir. 2011). BIA regulations define "individual Indian" as: "(1) [a]ny person who is an enrolled member of a tribe; (2) [a]ny person who is a descendent of such a member . . . ; [or] (3) [a]ny other person possessing a total of one-half or more degree Indian blood of a tribe. . . ." 25 C.F.R. § 151.2(c). An individual seeking to acquire land in trust status must file a written request with the BIA.[6] Id. § 151.9. In determining whether to accept a request to acquire land in trust status, the BIA must consider up to eight specific factors, including "[t]he need of the individual Indian . . . for additional land" and "the amount of trust or restricted land already owned

---

[5]  This is the issue that was appealed through the administrative process, see Dkt. # 13-6, at 10-11, 21-26, 61-64, and the basis for the Board's decision (Dkt. # 23-1), which plaintiff appeals to this Court, see Dkt. # 2. However, plaintiff argues additional and different claims in his opening brief (Dkt. # 31) and reply brief (Dkt. # 41). Plaintiff's new claims are addressed below. See infra Part IV.

[6]  The regulations specify that applications must be made to the "Secretary," see 25 C.F.R. § 151.9, which is defined as "the Secretary of the Interior or authorized representative," id. § 151.2. In Tulsa County, it appears that the Secretary's authorized representative is the BIA Superintendent. See Dkt. # 13-3, at 27. Thus, the Court assumes for the purposes of this case that the Secretary's authorized representative is the BIA.

6

by or for that individual and the degree to which he needs assistance in handling his affairs." Id. § 151.10(b), (d).

No statute or regulation directly addresses whether the BIA can accept a request to take land into trust from a deceased person or his estate. Thus, the Board is afforded substantial deference in its interpretation of its regulations. Plateau Mining Corp., 519 F.3d at 1192. The Board based its decision on the fact that "individual Indian" is defined in the present tense, suggesting that the individual must be currently living, and that two of the eight required considerations are not relevant to a deceased individual. See Dkt. # 23-1, at 5. The regulations cited by the Board indicate that the trust acquisition regulations either do not contemplate or do not apply to the taking of land into trust status for the benefit of a deceased individual or his estate. Additionally, nothing in the regulations or statutes concerning land acquisition for the benefit of Indians and tribes conflicts with the Board's interpretation. See 24 U.S.C. §§ 2201-2221; 25 C.F.R. §§ 151.1-151.15. Therefore, because the regulations governing fee-to-trust acquisitions are silent as to whether a deceased person may qualify as an "individual Indian" on whose behalf land may be taken into trust and the Board's decision is based on a permissible construction of the relevant regulations, the Board's decision should be affirmed.

## IV.

Plaintiff argues in his opening brief (Dkt. # 31) and reply brief (Dkt. # 41) that defendant was required to promptly take the property into trust upon plaintiff's application under U.S.C. § 2216(c), and, alternatively, that defendant was required under 25 C.F.R. § 151.12(d)(2)(iv) to take the property into trust in January 2011, when plaintiff alleges his fee-to-trust application was approved. See Dkt. ## 31, 41. For the reasons below, the Court will not address the merits of these claims.

For an agency action to be subject to judicial review under the APA, it must be a final agency action. See 5 U.S.C. § 704. The actions of BIA officials are not final unless administrative remedies have been exhausted. See 43 C.F.R. § 4.314; 25 C.F.R. § 2.6. The exhaustion requirement "recognizes the notion, grounded in deference to Congress' delegation of authority to coordinate branches of Government, that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." United Tribe of Shawnee Indians v. United States, 253 F.3d 543, 550 (10th Cir. 2001) (quoting McCarthy v. Madigan, 503 U.S. 140, 145 (1992)). The requirement is particularly important when the agency action concerns an agency's discretionary authority or the application of an agency's special expertise. Id. Arguments made in an APA claim that have not been raised in the administrative appeal or have only been mentioned vaguely or cryptically are not exhausted. See Ark Initiative v. U.S. Forest Serv., 660 F.3d 1256, 1261 (10th Cir. 2011) (quoting Kleissler v. U.S. Forest Serv., 183 F.3d 196, 203 (3d Cir. 1999)). "Claims not properly raised before an agency are waived, unless the problems underlying the claim are 'obvious' or otherwise brought to the agency's attention. Forest Guardians v. U.S. Forest Serv., 495 F.3d 1162, 1170 (10th Cir. 2007) (citations omitted); see also Jech v. Dep't of Interior, 483 F. App'x 555, 559-60 (10th Cir. Jun. 19, 2012)[7]; Blackbear v. Norton, 93 F. App'x 192, 193-94 (10th Cir. 2004).

Based on the administrative record, it appears that the arguments made by plaintiff in his opening brief (Dkt. # 31) and reply brief (Dkt. # 41) were not made at any point in his administrative appeal. To support his appeal of the Superintendent's decision, plaintiff sent the Regional Director

---

[7]     This and all other unpublished opinions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

a Statement of Reasons (Dkt. # 13-6), in which he argued that the BIA could approve the fee-to-trust application because title does not vest at death when the decedent has a will, that an executor could sell the restricted land, that BIA regulations regarding consideration of the individual applying could be followed when the applicant is deceased, and that the Indian Reorganization Act, 25 U.S.C. §§ 5101-5144, dictates that BIA regulations be read in favor of the applicant. Id. at 21-26. In its decision, the Board described plaintiff as arguing "that the Regional Director erred in concluding: (1) that BIA did not receive an application; (2) that BIA's regulations do not allow BIA to take land into trust for deceased individuals or estates; and (3) that it is unclear who can convey marketable title to the Property to the United States." Dkt. # 23-1, at 4. These arguments bear no similarity to the arguments plaintiff makes in this proceeding. See Dkt. ## 31, 41.

Furthermore, plaintiff appears to be putting forth not only new arguments, but also entirely new claims. The agency action at issue in the administrative appeal was the BIA's termination of plaintiff's fee-to-trust process on the basis of Chissoe's death. See Dkt. ## 23-1; 13-6, at 10-11, 21-26, 61-64. In plaintiff's opening brief, he asserts that he is "bring[ing] this proceeding pursuant to the Administrative Procedure Act upon failure of Defendant to take restricted Indian land in trust." Dkt. # 31, at 1. Plaintiff's opening brief then makes two arguments: that BIA's failure to take the property into trust violates (1) a federal statute and (2) the agency's own regulations. See id. at 4-11. Terminating an application process and failing to take property into trust are two different agency actions. The first is an action appealable under the procedures contained in 25 C.F.R. § 2.7. The second is the failure of an official to act and is appealable under the procedures contained in 25 C.F.R. § 2.8. The claims plaintiff argues in this proceeding are not the claim addressed in the administrative proceeding. Therefore, the Court will not address the merits of plaintiff's claims

argued in his opening brief (Dkt. # 31) and reply brief (Dkt. # 41) because they have not been administratively exhausted.

**IT IS THEREFORE ORDERED** that the decision of the United States Department of the Interior Board of Indian Appeals is **affirmed**.

**DATED** this 27th day of September, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE